```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

JUDY BALLY, : NO. 1:10-CV-00512
      Plaintiff, :
: **OPINION AND ORDER**
  v. :
:
FREIGHT & SHIPPING, INC., :
    et al. :
:
      Defendants. :

      Before the Court is Defendant SAIA Motor Freight Line, LLC's Motion to Dismiss (doc. 4), which motion is unopposed.  For the following reasons, the Court GRANTS the motion.

**I. Background**

      Plaintiff contracted with Defendant SAIA to transport cargo from Riverside, California to Lebanon, Ohio.  Plaintiff alleges that the cargo arrived in a damaged condition and filed the instant action for breach of the Carmack Amendment, breach of contract, and negligence (doc. 1).  Defendant removed to this Court under the Carmack Amendment, which establishes the Court's exclusive jurisdiction over this action (Id., citing 49 U.S.C. § 14706 et seq.).  Defendant now moves for dismissal of Plaintiff's breach of contract and negligence claims pursuant to Federal Rule 12(b)(6) (doc. 4).

**II. Applicable Standard**

      A motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint. The basic federal pleading requirement is contained in Federal Rule 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30 (citing Robert G. Bone, Twombly, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009)). A claim is facially plausible when the plaintiff pleads facts that allow a court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id. (citing Twombly, 550 U.S. at 557). As the Supreme Court explained,

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)(quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969)). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate

> the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434 (6th Cir. 1988).

**III. Discussion**

When a federal statute expressly supersedes state law or provides a federal regulatory scheme that leaves no room for state regulation, federal law preempts state common law remedies. Louisiana Public Service Commission v. FCC, 476 U.S. 355, 368 (1986). The Supreme Court has consistently held that the Carmack Amendment preempts all state statutory and common law claims against a motor carrier for goods that are lost or damaged in interstate commerce. Adams Express Co. v. Croninger, 226 U.S. 491 (1913); W.D. Lawson & Co. v. Penn Cent. Co., 456 F.2d 419 (6th Cir. 1972).

In Adams, the Supreme Court held that liability for interstate motor carriers is so throughly covered by federal law that "there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all regulation with reference to it." 226 U.S. 491, 505-506 (1913). See also, New York, N.H. & H.R. Co. v. Nothnagle, 346 U.S. 128 (1953)(describing the Carmack Amendment as "supersed[ing] diverse state laws with a national uniform policy governing interstate carriers' liability for property loss").

Since Plaintiff alleges in her complaint that her property was damaged in transit in interstate commerce while

consigned to the Defendant, the Carmack Amendment controls, and Plaintiff's causes of action for breach of contract and negligence are preempted state-common-law causes of action.  <u>Adams</u>, 226 U.S. 491.

Therefore, having found that Plaintiff has failed to state a cognizable claim for relief with respect to the state-law claims set forth in the First and Second Causes of Action in the complaint, the Court thus GRANTS Defendant's motion (doc. 4) and DISMISSES those causes of action.

SO ORDERED.

Dated: December 21, 2010         <u>/s/ S. Arthur Spiegel        </u>
                                 S. Arthur Spiegel
                                 United States Senior District Judge